UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANDRE WILLIAMS,

                        Plaintiff,

              15 CIV. 2146 (ENV)(SMG)

     -against-

              FIRST AMENDED
              COMPLAINT

PAUL VIAR; CHRISTOPHER CAPONE;
RAVI NARAYAN; DERRICK JOHNSON,
CHRIS CONNOLLY, and THE CITY
OF NEW YORK,

                        Defendants.
---------------------------------------------------------------X

## INTRODUCTORY STATEMENT

1.     The Plaintiff, Andre Williams, brings this action under 42 U.S.C. § 1983 seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. § 1988 for the Defendants' violation of his rights afforded by the United States Constitution.

2.     Defendants falsely arrested Plaintiff without just and probable cause, conducted an unlawful and unreasonable search of his residence, and seized his property without due process of law.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343(3).

4.     Venue is proper in the Eastern District for New York, pursuant to 28 U.S.C. § 1391(b), because the incidents complained of occurred within this district.

## PARTIES

5.     The Plaintiff is a citizen of the United States and resides in Brooklyn, New York.

6. Defendant, City of New York (NYC or The City) is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. At all times relevant hereto, the City, acting through the New York City Police Department (NYPD), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the Defendants referenced herein. In addition, at all relevant times, Defendant NYC was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

7. Defendant Paul Viar ("Viar") is an NYPD detective, shield No. 2928.

8. Defendant Christopher Capone ("Capone") is an NYPD detective, shield No. 24056.

9. Defendant Ravi Narayan ("Narayan") is an NYPD officer, shield No. 3426.

10. Defendant Derrick Johnson ("Johnson") is an NYPD sergeant, shield no. 2928.

11. Defendant Chris Connolly ("Connolly") is an NYPD detective, shield no. 1539.

12. All of the individual Defendants were acting in the capacity of agents, servants, and employees of Defendant City of New York, and acted within the scope of their employment as such.

13. All Defendants, either personally or by and through their employees, were at all times material to this incident, acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York, and the employees of Defendant City of New York were also acting within the scope of and in furtherance of their employment.

14. At all times material to this complaint, the Defendants acted jointly and in concert with each other. Each Defendant had the opportunity and the duty to protect the Plaintiff from the unlawful

actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

## FACTUAL ALLEGATIONS

15.     On October 23, 2014 at approximately 6:00 AM, Plaintiff, a sworn Immigration Enforcement Agent employed by U.S. Immigration and Customs Enforcement (ICE), was leaving his home at 699 Pine Street, Brooklyn, New York to go to work.

16.     Plaintiff owns those premises, which is a private house.

17.     After exiting his house, Plaintiff encountered two plainclothes New York City Police Department (NYPD) officers inside his yard's gate, one of whom was Defendant Viar and the other of whom was one of the other named Defendants. Both officers were white males, one with black hair, glasses and a goatee.

18.     The officer with the goatee asked the Plaintiff who he was. Plaintiff answered truthfully, and the aforesaid officer showed Plaintiff a photograph, allegedly of an individual for whom the officers had an arrest warrant named Cliff McCormick. This was the same name of the former owner of the house; however, because of the photograph shown to him, Plaintiff was aware that the person the police were looking for was not the former owner of his house, and Plaintiff informed the officers of this.

19.     In addition, officers from the Warrant Squad had been to the Plaintiff's house two months before, and Plaintiff's sister Ebony, who also resides in the premises, had informed them that Mr. McCormick did not live there.

20.     Despite the above, Plaintiff was arrested and handcuffed by Defendant Viar, and held on his porch for approximately one hour while Viar and the other individual Defendants (excepting

Defendant Narayan who remained outside, holding Plaintiff) ransacked his home. Respondent was then taken to the 75th Precinct, and from there to Central Booking. Plaintiff was never charged with a crime or appeared before a judge, and he was released from Central Booking at approximately 11 PM.

21. Defendants Viar, Capone, Johnson and Connolly ransacked e Respondent's home. Defendant officers tore apart drawers, closets, cupboards, and any other container they could locate, dumping the contents on the floor and leaving the Plaintiffs home in extreme disarray.

22. During the search, and while Plaintiff was handcuffed, one of the Defendants showed Plaintiff an engraved knife he was given by his Army unit prior to his leaving the service. Plaintiff kept this knife in a duffel bag in his bedroom. Plaintiff explained to the officer what the knife was, but the officer kept the knife, and did not issue Plaintiff a receipt.

23. Plaintiff's arrest was unjustified and without probable cause. The search of Plaintiff's house was without probable cause, was undertaken without any reasonable belief that the subject of the officers' search was located therein, was beyond the permissible "protective sweep" incident to the execution of an arrest warrant, and was otherwise unreasonable and unlawful. In addition, the officer's taking of the Plaintiff's knife was an unlawful conversion.

24. Each of the Defendant police officers, in their search, arrest and attempted prosecution of Mr. Williams, acted maliciously and/or in reckless disregard for Mr. Williams's rights under the Fourth and Fourteenth Amendments to be free from false arrest and malicious prosecution.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 24 of this Complaint with the same force and effect as if set forth herein.

26. As a direct and proximate result of Defendants' actions as set forth herein, Plaintiff was deprived of rights, privileges and immunities secured to him under the constitution and the laws of the United States, including, but not limited to, his rights under the First, Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be secure in his person, to be free from the use of excessive and unreasonable force, to be free from unreasonable searches and seizures, to his due process right to be free from false arrest and false imprisonment and punishment without due process.

27. The Defendants acted with malice or with reckless disregard for whether Plaintiff's rights would be violated by their actions.

28. As a result of the aforesaid violation of Plaintiff's rights, he sustained grievous personal injuries to mind and body, sustained great pain and suffering, was deprived of his liberty and made ill, and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his arrest, assault, battery and detention.

29. Plaintiff seeks compensatory damages from all Defendants, as well as punitive damages from all the individual Defendants.

## SECOND CAUSE OF ACTION: *MONELL*

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 29 of this Complaint with the same force and effect as if set forth herein.

31. The aforesaid occurrence was due to the policy, custom and practice of Defendant City of New York and/or its supervisors and policymakers, and their willful indifference to the training, supervision, disciplining, and retention of the individual Defendants, which caused a blatant violation of Plaintiff's civil rights.

32. As a result of the aforesaid violation of his civil rights, the Plaintiff sustained serious personal

injuries to mind and body, and sustained great pain and emotional suffering.

33. Because of the foregoing, the Plaintiff seeks compensatory damages from all Defendants and an equal amount as punitive damages from all the individual Defendants.

## JURY DEMAND

34. The Plaintiff respectfully demands that this proceeding be tried by a jury.

WHEREFORE, Plaintiff prays for the following relief:

1) For a declaratory judgment under 28 U.S.C. Sec. 2201 declaring that the Defendants, separately and in concert, violated the Plaintiff's constitutional rights; and

2) For compensatory damages against all Defendants; and

3) For punitive damages against the individual Defendants; and

4) For attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

5) For such other relief as is just and proper.

DATED:   New York, New York
         October 28, 2015

Respectfully submitted,

BERANBAUM MENKEN LLP

　　　　　/s/
By: Jason Rozger

80 Pine Street, 33rd Floor
New York, New York 10005

(212) 509-1616
(212) 509-8088
jrozger@nyemployeelaw.com